# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., | Case No.  1:15-CV-00433 DAD-EPG |
| Plaintiff(s), | **ORDER SETTING MANDATORY SCHEDULING CONFERENCE** |
| v. | **DATE:   April 17, 2017** |
| | **TIME:   10:00 A.M.** |
| SOMINA, INC., ET AL., | **COURTROOM:  10 (6th Floor)** |
| Defendant(s). | **ERICA P. GROSJEAN U.S. MAGISTRATE JUDGE** |

The Court sets a formal Scheduling Conference before United States Magistrate Judge Erica P. Grosjean, in Courtroom 10 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

**<u>Appearance at Scheduling Conference</u>**

Attendance at the Scheduling Conference is ***mandatory*** for all parties.  Parties may appear by their counsel, if represented.   If a party is not represented by counsel, they must appear personally at the Scheduling Conference. ***<u>Telephonic appearances are not available for pro se parties, i.e., those not represented by counsel</u>***.  Trial counsel should participate in this Scheduling Conference whenever possible.  If one or more parties are represented by counsel and wish to

1

appear telephonically, counsel shall contact Michelle Means Rooney, Courtroom Deputy Clerk, at (559) 499-5962 sufficiently in advance of the conference so that a notation can be placed on the court calendar.  To appear telephonically, each party shall dial 1 (888) 251 − 2909 and enter access code 1024453. Additionally, counsel are directed to indicate on the face page of their Joint Scheduling Report that the conference will be telephonic.

**Joint Scheduling Report**

A Joint Scheduling Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference and shall be emailed in Word format to epgorders@caed.uscourts.gov. The Joint Scheduling Report shall indicate the date, time, and courtroom of the Scheduling Conference.  This information is to be placed opposite the caption on the first page of the Report.

At least twenty (20) days prior to the Mandatory Scheduling Conference, trial counsel for all parties shall conduct a conference at a mutually agreed upon time and place.  This should preferably be a personal conference between all counsel but a telephonic conference call involving all counsel/pro se parties is permissible.  The Joint Scheduling Report shall contain the following items by corresponding numbered paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Summary of major disputed facts and contentions of law.

3. A proposed deadline for amendments to pleadings.  Any proposed amendment to the pleadings shall be referenced in the Scheduling Conference Report.  If the matter cannot be resolved at the Scheduling Conference, the moving party shall file a motion to amend in accordance with the Local Rules of the Eastern District of California.

4. The status of all matters which are presently set before the Court, e.g., hearings of motions, etc.

5. A complete and detailed discovery plan addressing the following issues and proposed dates:

a    A date for the exchange of initial disclosures required by Fed. R. Civ. P.

2

26(a)(1) or a statement that disclosures have already been exchanged;

b.    A firm cut-off date for non-expert discovery. When setting this date, the parties should consider that discovery cutoffs requires that motions to compel be filed and heard sufficiently in advance of the deadline so that the Court may grant effective relief within the allotted discovery time;

c.    A firm date for disclosure of expert witnesses, required by Fed. R. Civ. P. 26(a)(2), including a date for disclosure of rebuttal experts;

d.    A firm cut-off date for all expert witness discovery;

e.    Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

f.    Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

g.    Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery; and

h.    Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery.

**Additional Disclosures Related to Electronic Discovery**

1.    Discovery Relating to Electronic, Digital and/or Magnetic Data.  Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.  Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses.

2.    The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference, and address the status of Electronic Discovery and

any disagreements in their Statement, including:

        a.     <u>Preservation:</u> The parties shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoliation.

        b.     <u>Scope of E-mail Discovery</u>: The parties shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol.  The parties should seek to agree on search terms, custodians, and date ranges in advance of the Conference so that any disputes can be addressed at the Conference.

        c.     <u>Inadvertent Production of Privileged Information</u>: The parties should confer regarding procedures for inadvertent production of privileged electronic material, including any obligations to notify the other party, and procedures for bringing any disputes promptly to the Court.

        d.     <u>Data Restoration</u>: The parties shall confer regarding whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and the parties shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

6.     Dates agreed to by all counsel for:

    a.    Filing dispositive pre-trial motions (except motions *in limine* or other trial motions).  The dispositive motion filing deadline shall be at least twelve (12) weeks prior to the proposed Pre-Trial Conference date, and the hearing on dispositive motions shall be at least sixty (60) days before the proposed Pre-trial Conference date.

    b.    A Pre-Trial Conference Date.

4

c.      A Trial date. This date should be at least sixty (60) days after the proposed Pre-Trial Conference date.

7.      The parties are encouraged to discuss settlement, and must include a statement in the Joint Scheduling Report as to the possibility of settlement.  The parties shall indicate when they desire a settlement conference, e.g., before further discovery, after discovery, after pre-trial motions, etc. Among other things, counsel will be expected to discuss the possibility of settlement at the Scheduling Conference.  Note that, even if settlement negotiations are progressing, counsel are expected to comply with the requirements of this Order unless otherwise excused by the Court.  If the entire case is settled, counsel shall **promptly** inform the Court.  In the event of settlement, counsel's presence at the conference, as well as the Joint Scheduling Report, will not be required.

8.      A statement as to whether the case is a jury or non-jury case.  The parties shall briefly outline their respective positions if there is a disagreement as to whether a jury trial has been timely demanded, or as to whether a jury trial is available on some or all of the claims.

9.      An estimate of the number of trial days is required.  If the parties cannot agree, each party shall give his or her best estimate.

10.     The parties' position regarding consent to proceed before a United States magistrate judge.  Note that the parties need not make a final decision on the issue of consent until after the Scheduling Conference, but should state their current position in this Statement and expect to make a final decision soon after the Scheduling Conference.

The parties may wish to consider that, when a civil trial is set before the district judges in the Fresno Division, any criminal trial that conflicts with the civil trial will take priority, even if the civil trial was set first.  Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead _trail_ from day to day or week to week until the completion of either the criminal case or the older civil case.

Parties are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

11.     Whether either party requests bifurcation or phasing of trial or has any other

1   suggestion for shortening or expediting discovery, pre-trial motions or trial.

2        12.    Whether this matter is related to any matter pending in this court or any other

3   court, including bankruptcy court.

4   **Scheduling Order**

5        Following the Scheduling Conference, the Court will issue a Scheduling Order with the

6   benefit of the input of the parties.  Once issued, the dates in the Scheduling Order shall be firm

7   and no extension shall be given without permission from the Court.

8   **Lack of Participation in the Joint Scheduling Report**

9        If any party fails to participate in the preparation of the Joint Scheduling Report, the non-

10  offending party shall detail the party's effort to get the offending party to participate in the Joint

11  Scheduling Report.  The non-offending party shall still file the report one (1) full week prior to

12  the Mandatory Scheduling Conference and shall list the non-offending party's position on the

13  listed issues and proposed dates for a schedule.  Absent good cause, the dates proposed by the

14  non-offending party will be presumed to be the dates offered by the parties.  The offending party

15  may be subject to sanctions, including monetary sanctions to compensate the non-offending

16  party's time and effort incurred in seeking compliance with this Scheduling Order.

17  **Important Chambers' Information**

18       The parties are directed to the Court's website at www.caed.uscourts.gov under **Judges;**

19  **Grosjean (EPG); Standard Information (in the area entitled "Case Management**

20  **Procedures")** for specific information regarding Chambers' procedures.  Information about law

21  and motion, scheduling conferences, telephonic appearances, and discovery disputes is provided

22  at this link.

23  **Sanctions for Failure to Comply**

24       Should counsel or a party appearing pro se fail to appear at the Mandatory Scheduling

25  Conference, or fail to comply with the directions as set forth above, an ex parte hearing may be

26  held and contempt sanctions, including monetary sanctions, dismissal, default, or other

27  appropriate judgment, may be imposed and/or ordered.

28  ///

1    IT IS SO ORDERED.

2

3    DATED:  December 22, 2016              /s/ ERICA P. GROSJEAN

4                                          UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28