PHILLIP A. TALBERT
United States Attorney
VINCENTE A. TENNERELLI
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. NICOLE O'NEILL,<br><br>Plaintiffs,<br><br>v.<br><br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, PST SERVICES LLC, ROBERT GOLDSTEIN, M.D., ROY WINSTON, M.D., BYRON MENDENHALL,M.D., QUINN GEE, M.D., AND MARGRET VASSILEV, M.D., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 1:15-CV-00433 DAD-EPG<br><br>**UNITED STATES' STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>HEARING DATE: November 7, 2017<br>TIME:               9:30 a.m.<br>COURTROOM:    5<br><br>JUDGE: Hon. Dale A. Drozd |

## I.     INTRODUCTION

The United States submits this Statement of Interest to address Defendants' legally inaccurate statement that Relator needs to plead that Defendants' alleged false claims resulted in actual "economic loss" to the United States. The United States does not take a position on any other issues and arguments raised in Defendants' motion, or on the overall merits of the motion.

## II.    PROCEDURAL HISTORY

Relator filed her original complaint against Defendants in this action on March 19, 2015, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-33, and the California False Claims Act, Cal. Gov. Code § 12651 *et seq.* (Dkt. No. 1.) The United States and the State of

California declined to intervene in this action pursuant to 31 U.S.C. § 3730(b)(4)(B).  (Dkt. No. 18.)  Thereafter, and following a motion to dismiss by Defendants, Relator filed the operative First Amended Complaint on July 7, 2017.  (Dkt. No. 41.)

Defendants include a hospital and certain of its independent contractors and physicians.  The First Amended Complaint alleges that Defendants engaged in "upcoding," or foregoing the proper reimbursement code for a given service when billing public insurance and, instead, using an inapplicable code with a higher reimbursement rate, resulting in an overpayment.

Although the United States has not intervened in this case and is not a formal party, it remains the real party in interest.  *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 930 (2009). The False Claims Act is the United States' primary tool used to redress fraud on the government.  As such, the statute should be read broadly to reach all fraudulent attempts to cause the government to pay out sums of money.  *United States v. Neifert-White*, 390 U.S. 228, 233 (1968).  Thus, the United States has a keen interest in the development of the law in this area and in the correct application of the law in this, and similar, cases.  Accordingly, pursuant to 28 U.S.C. § 517,[1] the United States respectfully submits this Statement of Interest.

### III.     ARGUMENT

Defendants' argument that Relator must plead that Defendant's billing practices "necessarily 'caused or would cause economic loss to the government'," (Dkt. 48-1 at 24), is inconsistent with decisions in the Ninth Circuit and elsewhere that actual damages to the United States are not a prerequisite to False Claims Act liability.

The False Claims Act provides for both treble damages <u>and</u> penalties.  31 U.S.C. § 3729(a).  False Claims Act liability thus does not depend on the existence of actual damages to the United States, as Defendants' argue.  Instead, the potential to recover penalties is sufficient.  As the Ninth Circuit recognized in *U.S. ex rel. Hagood v. Sonoma County Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991), no damages need be shown in order to recover the penalty.  (citing *Rex Trailer Co. v. U.S.*, 350 U.S. 148, 153 n.5 (1956)); *U.S. ex rel. Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429-31 (6th

---

[1] This provision authorizes the Attorney General of the United States to attend to the interests of the United States in any action in federal or state court.

Cir. 2001) (noting, "[I]t is not essential for an FCA plaintiff to allege damages" and "[I]t is not essential for an FCA plaintiff to allege damages"); *U.S. ex rel. Grubbs, M.D. v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) ("Notably, stating a claim under § 3729(a)(1) does not require actual or specific damages, as the statute imposes a liquidated civil penalty on violators.")  Accordingly, Defendants' contention, that Relator has failed to state a claim because she purportedly does not sufficiently allege that the United States was actually damaged by Defendants' conduct, must fail.

The two cases Defendants cite in arguing for dismissal do not support their argument that the United States must suffer a loss for False Claims Act liability to exist.  Defendants quote *Mikes v. Straus*, 274 F.3d 687, 696 (2d Cir. 2001), even though the court in that case expressly reserved, and did not decide, the issue Defendants now raise, stating, "[W]e need not decide whether the [False Claims] Act contains another element of proof, namely a showing that the United States sustained damages."  Likewise, *U.S. ex rel. Sanders v. American-Amicable Life Ins. Co. of Texas*, 545 F.3d 256, 259 (3d Cir. 2008), on which Defendants also rely, does not support Defendants' position.  In that case, the Court held that the defendant could not state a claim under the False Act because the defendant submitted all of its claims to private parties, not the United States.  545 F.3d at 259-60.  That is not the situation in this case.  Moreover, the court in *Sanders* echoed the holdings of *Sonoma County*, *Cleveland Gear*, and *Kanneganti* that actual damages are not a prerequisite to False Claims Act liability, stating "[Relator] correctly notes that a party can be subject to FCA liability (*i.e.* civil penalties) even where the government suffers no monetary injury."  *Id.* at 259 (citation omitted).

Defendants' position is thus contrary to controlling authority, and Defendants cite no countervailing authority supporting the proposition that actual damages to the United States are a prerequisite to False Claims Act liability.

Dated:  November 2, 2017

Phillip A. Talbert
United States Attorney

By:  /s/ Vincente A. Tennerelli
Vincente A. Tennerelli
Assistant U.S. Attorney