McGREGOR W. SCOTT
United States Attorney
VINCENTE A. TENNERELLI
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. NICOLE O'NEILL,<br><br>Plaintiffs,<br><br>v.<br><br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, PST SERVICES LLC, ROBERT GOLDSTEIN, M.D., ROY WINSTON, M.D., BYRON MENDENHALL,M.D., QUINN GEE, M.D., AND MARGRET VASSILEV, M.D., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 1:15-CV-00433 DAD-EPG<br><br>**UNITED STATES' STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, BYRON MENDENHALL, M.D., QUINN GEE, M.D., AND MARGARET VASSILEV, M.D.'S MOTION TO DISMISS AND PLAINTIFF'S OPPOSITION THERETO**<br><br>HEARING DATE: May 1, 2018<br>TIME:              9:30 a.m.<br>COURTROOM:   5<br><br>JUDGE: Hon. Dale A. Drozd |

## I.   INTRODUCTION

The United States submits this Statement of Interest to clarify the False Claims Act's materiality standard in light of Defendants Somnia, Inc., Primary Anesthesia Services, Byron Mendenhall, M.D., Quinn Gee, M.D., and Margaret Vassilev, M.D.'s ("the Somnia Defendants") Motion to Dismiss ("the Motion"), (Dkt. No. 78-1), and Plaintiff's Opposition to the Motion ("the Opposition"), (Dkt. No. 80). The United States does not take a position on any other issues and arguments raised in the Motion or the Opposition, or on the overall merits of the Motion and Opposition.

///

## II.       PROCEDURAL HISTORY

Plaintiff filed her original complaint against Defendants on March 19, 2015, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-33, and the California False Claims Act, Cal. Gov. Code § 12651 *et seq.*  (Dkt. No. 1.)  The United States and the State of California declined to intervene in this action pursuant to 31 U.S.C. § 3730(b)(4)(B).  (Dkt. No. 18.)

Plaintiff filed her First Amended Complaint on July 7, 2017.  (Dkt. Nos. 41.)  Defendant PST Services, LLC ("PST") and, separately, the Somnia Defendants, moved to dismiss.  (Dkt. Nos. 45, 48.) The Court denied PST's motion and partially granted the Somnia Defendants' motion, dismissing three counts without prejudice on the basis that Plaintiff's First Amended Complaint failed to meet the False Claims Act's materiality standard as set forth in *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 136 S.Ct. 1989 (2016).  (Dkt. No. 70 at 15.)

Relator filed her Second Amended Complaint on February 28, 2018, adding additional allegations regarding materiality.  (Dkt. No. 74.)  The Somnia Defendants and, separately, Defendant PST Services, LLC, moved to dismiss on March 14, 2018.  (Dkt. No. 77-78.)  Plaintiff filed separate oppositions to the motions on April 17, 2018.  (Dkt. No. 80-81.)

Although the United States has not intervened in this case and is not a formal party, it remains the real party in interest.  *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 930 (2009). The False Claims Act is the United States' primary tool used to redress fraud on the government.  As such, the statute should be read broadly to reach all fraudulent attempts to cause the government to pay out sums of money.  *United States v. Neifert-White*, 390 U.S. 228, 233 (1968).  Thus, the United States has a keen interest in the development of the law in this area and in the correct application of the law in this, and similar, cases.  Accordingly, pursuant to 28 U.S.C. § 517,[1] the United States respectfully submits this Statement of Interest.

## III.       ARGUMENT

Plaintiff' mischaracterizes *Escobar* as holding that a regulatory violation is material *per se* if— and only if—an agency faced with similar violations refuses to pay claims "in the mine run of cases."

---

[1] This provision authorizes the Attorney General of the United States to attend to the interests of the United States in any action in federal or state court.

(Dkt. No. 80 at 10.)  Plaintiff is correct that an agency's past conduct is relevant to assessing materiality under *Escobar*, but that conduct is not dispositive; it is, instead, just one of multiple factors relevant for determining whether a violation is material.  Moreover, Plaintiff need not, as the Somnia Defendants allege, make specific allegations regarding an agency's motivations for paying or refusing to pay claims when faced with a particular regulatory violation.  The False Claims Act and *Escobar* do not establish any such pleading requirement.  Additionally, the Somnia Defendants are incorrect that a plaintiff must, under *Escobar*, plead facts as to an agency's motivations for paying or refusing to pay claims when faced with a specific regulatory violation.

### A. An Agency's Past Actions Regarding Payment Are Not Dispositive for Determining Materiality.

In the Opposition, Plaintiff contends that a violation is material if "in the mine run of cases . . . the Government would not have paid these claims had it known of these violations."  (Dkt. No. 80 at 10 (citing *Escobar*, 136 S. Ct. at 2003-04, Dkt. 70 at 15).)  Under *Escobar*, however, determining materiality requires a holistic, multi-factor analysis; no one factor is dispositive.

The term "material" is defined under the False Claims Act to mean "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."  31 U.S.C. § 3729(b)(4).  In *Escobar*, the Supreme Court cited that definition and stressed that this was the same definition employed in "other federal fraud statutes," which came from "common law antecedents."  136 S. Ct. at 2002.  The Court explained that the basic concept of materiality is the same in all of these contexts, focusing upon "the effect on the likely or actual behavior of the recipient of the alleged misrepresentation."  *Id.* (*quoting* 26 R. Lord, *Williston on Contracts* § 69:12, at 549 (4th ed. 2003)).  The Court stated that a matter is material if (1) a reasonable person would attach importance to it in determining a choice of action, or (2) the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action, regardless of whether a reasonable person would do so.  *Id.* at 2002-03.

The Court clarified that a variety of factors are relevant to the materiality inquiry and stressed that no one factor is automatically dispositive.  136 S. Ct. at 2001 (citing *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 39 (2011)).  For example, the Court explained, "[a] misrepresentation cannot

be deemed material *merely because* the Government designates compliance with a particular statutory, regulatory or contractual requirement as a condition of payment." *Id.* at 2003 (emphasis added). But while designation as a condition of payment is "not automatically dispositive," the Court recognized that it is relevant to the materiality inquiry." *Id.*

In addition, the Supreme Court identified at least three other factors bearing on the materiality inquiry, including whether the violation goes to the "essence of the bargain." *Escobar*, 136 S. Ct. at 2003 n.5 (quoting *Junius Constr. Co. v. Cohen*, 178 N.E. 672, 674 (1931)), whether the violation is significant or "minor or insubstantial," *id.*, and whether the government took action when it had knowledge of similar violations, *id.* at 2003-04.

Plaintiffs and the Somnia Defendants focus on the last *Escobar* factor—whether the United States acted in the face of similar violations—and ignore *Escobar*'s multi-factor test. *Escobar* leaves no doubt that this one-factor approach is incorrect:

> In sum, when evaluating materiality under the False Claims Act, the Government's decision to expressly identify a provision as a condition of payment is relevant, but not automatically dispositive. Likewise, proof of materiality ***can include, but is not necessarily limited to***, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement.

*Id.* at 2003 (emphasis added). *See also Escobar*, 136 S. Ct. at 2001 (citing *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 39 (2011) ("[M]ateriality cannot rest on 'a single fact or occurrence as always determinative.'")); *U.S. ex rel. Escobar v. Universal Health Services, Inc.*, 842 F.3d 103, 110 (1st Cir. 2016) (recognizing that, under the Supreme Court's *Escobar* decision, "courts are to conduct a holistic approach to determining materiality . . . with no one factor being necessarily dispositive").

**B.   An Agency's Motivations for Paying or Not Paying Claims When Faced with a Given Regulatory Violation Are Irrelevant.**

Additionally, the Somnia Defendants' incorrectly argue that the False Claims Act requires Plaintiff—not only to allege that the United States refuses payment in like circumstances—but to explain, with particularity, ***why*** it does so. (Dkt. No. 78-1 at 13.) There is nothing in the False Claims Act or *Escobar* requiring Plaintiff to discern the United States' motives for its payment decisions. The Somnia Defendants' attempts to read a new pleading requirement into the False Claims Act—separate

1  from any required element for False Claims Act liability—finds no support in the False Claims Act itself
2  or *Escobar*.
3
4  Dated:  April 26, 2018                                    McGregor W. Scott
                                                             United States Attorney
5
6                                                   By:  /s/ Vincente A. Tennerelli
                                                         Vincente A. Tennerelli
7                                                        Assistant U.S. Attorney