1  W. SCOTT CAMERON (State Bar No. 229828)
   **KING & SPALDING LLP**
2  621 Capitol Mall, Suite 1500
   Sacramento, CA 95814
3  Telephone: (916) 321-4807
   Facsimile: (916) 321-4900
4  Email: scameron@kslaw.com

5  TIMOTHY G. BARBER (Pro Hac Vice)
   BRADLEY J. LINGO (Pro Hac Vice)
6  **KING & SPALDING LLP**
   300 South Tryon Street, Suite 1700
7  Charlotte, NC 28202
   Telephone: (704) 503-2600
8  Facsimile: (704) 503-2622
   Email: tbarber@kslaw.com
9         blingo@kslaw.com

10 Attorneys for Defendant
   PST SERVICES, LLC

12                    UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF CALIFORNIA

15 | UNITED STATES and the STATE OF CALIFORNIA *ex rel.* NICOLLE O'NEILL et al., | Case No. 1:15-cv-433-DAD-EPG
16 | | **STIPULATION AND PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION**
17 | Plaintiffs/Relator, |
18 | v. | Action Filed: March 19, 2015
19 | SOMNIA, INC. et al., |
20 | Defendants. |

**IT IS HEREBY STIPULATED** by and between the Parties to the above-captioned litigation, *United States ex rel. O'Neill v. Somnia, Inc., et al.*, E.D. Cal. Case No. 1:15-cv-433-DAD-EPG, Relator Nicolle O'Neill and Defendants Somnia, Inc., Primary Anesthesia Services, PST Services, LLC, Byron Mendenhall, M.D., Quinn Gee, M.D., and Margaret Vassilev, M.D. (collectively "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to limitations on disclosure due to federal laws, state laws, and privacy rights concerning the disclosure of confidential medical information, which may be protected from disclosure by privileges such as trade secret protections, and/or which may be protected from disclosure on the grounds that the documents or information constitute confidential financial or other proprietary information, the Parties stipulate as follows:

This stipulation is in addition to such confidentiality agreements and provisions, if any, that apply and already exist between the Parties and their affiliates.

1. *Need for Protective Order.* This stipulation exists to limit disclosure of confidential and sensitive information exchanged and received by the parties during this litigation. The parties expect that this information will include the following:

    a. Protected health information ("PHI"), as defined in 45 C.F.R. § 160.103, of patients, including records pertaining to patient care, medical conditions, medical treatment, and billing. The disclosure of PHI is highly regulated and subject to federal and state laws, including the federal Health Insurance Portability and Accountability Act, the California Confidentiality of Medical Information Act, and the California Patient Access to Health Records Act. The failure to safeguard PHI, and the unauthorized release of PHI, can result in significant penalties. This stipulation and protective order is designed to ensure the Parties' compliance with legal obligations pertaining to disclosure of PHI.

    b. Personnel and employment records pertaining to Relator and employees and former employees of Defendants. Personnel and employment records are also protected by federal and California privacy laws. These records may include confidential salary information, disciplinary and performance review documents,

1

and personal information, such as names, addresses, birthdates, and social security numbers.

    c.    Confidential, sensitive, and trade secret business information, including billing processes and methods and detailed financial records.

A court order, as opposed to a private agreement, is necessary in this matter due at least in part to the amount of PHI that will be demanded and produced in discovery. PHI—which is afforded substantial protections under federal laws and regulations—generally may be disclosed in discovery only when a Qualified Protective Order is in place or when each person whose PHI is requested is provided notice of the request. 45 C.F.R. 164.512(e). Given the number of claims at issue in this matter, numbering in the tens of thousands, notifying each person effected is not practicable. A Qualified Protective Order provides for the confidentiality of PHI and must be entered by the court. As set forth in Paragraph 3d. below, this Stipulated Protective Order meets the requirements for and will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e).

    2.    *Definitions*. Capitalized terms not otherwise defined in this Stipulation & Protective Order shall have the following meanings:

    a.    "Acknowledgment" means an Acknowledgment of Confidentiality, attached as **Exhibit A.**

    b.    "Confidential Information" means information that (i) the Producing Party reasonably and in good faith claims contains protected health information or information involving trade secrets or confidential business, customer, or financial information, including, but not limited to "customer proprietary network information," as that term is defined in 47 U.S.C. § 222(h)(1); (ii) the Producing Party has outside of litigation taken steps to keep confidential; and (iii) is not otherwise available from public sources; or information that is otherwise subject to protection under provisions of California or federal law.

    c.    "Counsel" means attorneys for the respective parties who are actively involved in the litigation of this proceeding, including outside counsel of record, co-counsel, in-house counsel, and government counsel, as well as the (1) paralegals,

| | | |
|---|---|---|
| 1 | | secretaries, or other employees of such counsel assisting them in this proceeding; |
| 2 | | and (2) employees of third-party contractors involved solely in one or more |
| 3 | | aspects of organizing, filing, coding, converting, storing, reviewing or retrieving |
| 4 | | documents or data or designing programs for handling data connected with this |
| 5 | | proceeding, or performing other clerical or ministerial functions with regard to |
| 6 | | documents connected with this proceeding. |
| 7 | d. | "Document" means any written, recorded, electronically stored, or graphic |
| 8 | | material, whether produced or created by the Producing Party or another person, |
| 9 | | and includes portions of documents, written discovery responses, deposition |
| 10 | | transcripts, expert reports, legal briefs or memoranda, declarations, and affidavits. |
| 11 | e. | "Highly Confidential Information" means information that (i) the Producing Party |
| 12 | | reasonably and in good faith claims either constitutes public safety information or |
| 13 | | constitutes some of its most sensitive business data that, if released to competitors |
| 14 | | or those with whom the Producing Party does business, would allow those |
| 15 | | persons to gain a significant advantage in the marketplace; (ii) the Producing |
| 16 | | Party has kept strictly confidential; and (iii) is not otherwise available from public |
| 17 | | sources. |
| 18 | f. | "Outside Consultant" means a consultant or expert retained for the purpose of |
| 19 | | assisting Counsel or a Participant in this proceeding, and any employees of such |
| 20 | | consultants assisting them in this proceeding. |
| 21 | g. | "Party" means Relator Nicolle O'Neill and Defendants Somnia, Inc., Primary |
| 22 | | Anesthesia Services, PST Services, LLC, Byron Mendenhall, M.D., Quinn Gee, |
| 23 | | M.D., and Margaret Vassilev, M.D. |
| 24 | h. | "Producing Party" means a person or entity who produced material or appeared |
| 25 | | for deposition in response to a discovery request or subpoena in this proceeding. |
| 26 | i. | "Reviewing Party" or "Receiving Party" means a person who has obtained access |
| 27 | | to Confidential or Highly Confidential Information pursuant to paragraphs 3 or 6 |
| 28 | | of this Protective Order. |

3a. *Production of Documents Containing Confidential or Highly Confidential Information.* A Producing Party may label or mark Documents produced in discovery as containing Confidential or Highly Confidential Information by stamping the relevant page as "CONFIDENTIAL – SUBJECT TO COURT ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO COURT ORDER." Where a Document consists of more than one page, the first page and each page on which Confidential or Highly Confidential Information appears shall be so designated. A Party that makes original Documents available for inspection need not designate them as Confidential or Highly Confidential until after the inspecting party has indicated which materials it would like copied and produced.

3b. *Structured Data or Other Electronically Stored Information Produced in Electronic Form.* Structured Data or other Electronically Stored Information produced in electronic form may be designated as Confidential Information or Highly Confidential Information by marking the data storage medium with the appropriate legend. Electronically stored information that is produced in native format pursuant to the parties' Stipulation and Proposed Order Regarding Electronically Stored Information or otherwise will be produced with an associated placeholder TIFF providing the applicable confidentiality designation and will be produced with an associated field that also provides such designation. Parties are not required to affix a confidentiality legend on the native document itself in order to designate such documents pursuant to this Stipulation.

3c. *Remedies on Inadvertent Production.* If a Producing Party, through inadvertence, produces or provides discovery of any Confidential or Highly Confidential Information without labeling or marking it with the appropriate legend as provided in this Protective Order, the Producing Party may give written notice to the Receiving Parties that the Document is Confidential Information or Highly Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and unless such designation is challenged pursuant to paragraph 9a of this Protective Order, the Receiving Party shall, from the point forward, treat such Documents as Confidential Information or Highly Confidential Information, and shall make reasonable efforts to prevent its

further dissemination without being marked with the appropriate legend. However, the Receiving Party shall face no liability or sanction for the dissemination of this information prior to being notified that it was inadvertently produced without the appropriate legend.

*3d.* The Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in the Proceedings may contain medical information regarding or relating to individuals who have a privacy interest in such information and that disclosure thereof would be contrary to the law and public interest. The Parties also understand and agree that such documents and information is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to HIPAA; or other similar statutory or regulatory privacy protections. The Parties agree that, once adopted, this Stipulated Protective Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e). The Parties are prohibited from using any PHI they receive during the course of this litigation for any purposes other than this litigation, and are required to destroy or return any PHI they receive during the course of this litigation to the Producing Party at the end of the litigation.

*3e.* The Producing Party shall have the right to designate as Confidential any Documents, Testimony or Information that it in good faith believes to contain information that has not been made public and that concerns or relates to confidential information concerning the following: patients of Kaweah Delta Medical Center, Somnia, Inc., and/or Primary Anesthesia Services, including medically-related information as to disease or injury, medical history, and information as to treatment and procedures; other information that qualifies as PHI within the meaning of HIPAA; private information regarding the payment of, and payment for, services; materials and other information that are not known to the public and the disclosure of which may harm the competitive position of a party or invade the privacy of third persons; proprietary information; business information; financial information and/or trade secrets where the party can show a legitimate business interest in restricting access to the information consistent with classification of the information as Confidential.

*3f.* If a Producing Party, through inadvertence, produces or provides discovery of

5

any material subject to a claim of privilege or of protection as attorney work product, the Producing Party may give written notice to the Receiving Parties of the claim and the basis for the claim. Upon receipt of such notice, the Receiving Party shall immediately sequester the information, attempting to obtain all copies of such materials which were transmitted to other persons, firms, or entities, and follow the procedures of Rule 26(b)(5)(B). Until the legitimacy of the claim of privilege is resolved, the Receiving Party shall preserve the information and keep in confidential and shall be precluded from using the information in any manner. Any Receiving Party that discovers it has received materials that obviously appear to be subject to a privilege, where it is reasonably apparent that the materials were provided or made available through inadvertence, shall refrain from examining the materials any more than is essential to ascertain whether the materials are privileged and shall immediately notify the sender that it is in receipt of the materials.

5. *Use of Confidential Information or Highly Confidential Information*. Persons obtaining access to Confidential Information or Highly Confidential Information under this Protective Order (including all copies, summaries, abstracts, excerpts, and descriptions of such material): (i) shall hold such Documents or information in confidence and shall not make public any such Documents or information (except as provided by this Protective Order or other order of the Court) and (ii) shall use the Documents or Information solely for the preparation and conduct of this proceeding before the Court and, except as provided herein, shall not use such Documents or information for any other purpose, including without limitation, business, governmental, or commercial purposes, or in other administrative, regulatory or judicial proceedings, including judicial proceedings in other jurisdictions involving some or all of the same parties.

5. *Third Parties.* Third parties who produce documents in this case, pursuant to subpoenas or otherwise, may elect to become Participants to this Protective Order to the extent necessary to protect undue disclosure of their Documents by signing the Acknowledgement of Confidentiality, and, by doing so, they become bound by the terms of this Protective Order.

6. *Access to Confidential Information.* Except with the prior written consent of the Party that designated the Confidential Information, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (i)    Counsel;

    (ii)    The Parties or officers or employees of a Party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

    (iii)    Outside Consultants, provided that each such person shall execute a copy of the Acknowledgment attached as Exhibit A hereto before being shown or given any Confidential Information;

    (iv)    Any authors or recipients of the Confidential Information;

    (v)    The Court, court personnel, and court reporters;

    (vi)    Witnesses, other than those described in subparagraph (iv) above, provided that each such person shall execute a copy of the Acknowledgment attached as Exhibit A hereto before being shown or given any Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Acknowledgment only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated Confidential pursuant to Paragraph 3 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

7. *Access to Highly Confidential Information.* Except with the prior written consent of the Party that designated the Highly Confidential Information, or upon prior order of this Court obtained upon notice to opposing counsel, Highly Confidential Information shall not be disclosed to any person other than:

    (i)    Counsel;

    (ii)    Outside Consultants employed to assist in this litigation, provided that each such

|   |   |   |
|---|---|---|
| 1 | | person shall execute a copy of the Acknowledgment attached as Exhibit A hereto |
| 2 | | before being shown or given any Highly Confidential Information; |
| 3 | (iii) | Any authors or recipients of the Highly Confidential Information; |
| 4 | (iv) | The Court, court personnel, and court reporters; |
| 5 | (v) | Witnesses, other than those described in subparagraph (iii) above, provided that each such person shall execute a copy of the Acknowledgement attached as Exhibit A hereto before being shown or given any Highly Confidential Information. Highly Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Highly Confidential Information is represented or has been given notice that Highly Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Highly Confidential Information shall be designated Highly Confidential pursuant to Paragraph 3 above. Witnesses shown Highly Confidential Information shall not be allowed to retain copies. |

*8a.* *Filing With The Court.* The Parties shall—in submitting any Documents or information subject to this Protective Order to the Court—ensure that such Confidential or Highly Confidential Information is filed under seal. If the Receiving Party includes Confidential or Highly Confidential Information without following the procedures for sealing documents, Producing Party may object to the disclosure in writing. Receiving Party must immediately take all steps necessary to remove the Confidential or Highly Confidential Information from the public record and have the information filed under seal.

*8b.* *Use in Depositions.* The Parties may use Confidential and Highly Confidential Information in connection with depositions provided that those depositions, or the portions concerning such information, are closed to the public. The Parties agree that any transcript of such a deposition, or portions thereof, may themselves be designated Confidential or Highly Confidential Information in a manner consistent with this Order.

*8c.* *Use at a Public Hearing.* If a Party anticipates the use or disclosure of Confidential

8

and Highly Confidential Information at any public court hearing, the Party seeking to use such material shall provide notice to the Producing Party not less than three (3) days prior to the hearing. The Producing Party may object to the use of material at any time, including at the hearing. The Court may apply restrictions, as it deems appropriate, on the manner of use of such Confidential or Highly Confidential Information, and on public access to such information and/or Documents.

*8d.   Use at Trial.* The Parties agree to meet and confer on a protocol regarding the use or disclosure of Confidential and Highly Confidential Information at trial in connection with the final Pretrial Order in this case, if any. To the extent the Parties cannot reach agreement on such a protocol, they shall present competing proposals to the Court no less than fourteen (14) days before the final Pretrial Conference.

*8e.   Use on Appeal.* Following a meet and confer process under this Section, if the Parties still intend to use any Confidential and Highly Confidential Information in connection with any appeal of this action, the Party shall ensure Documents containing Confidential or Highly Confidential Information are filed under seal in the Court of Appeals. If the Receiving Party includes such information without sealing the documents, Producing Party may object to the disclosure in writing. Receiving Party must immediately take all steps necessary to remove the Confidential or Highly Confidential Information from the public record and have the information filed under seal.

*9a.   Challenges to Confidential or Highly Confidential Designations.* The acceptance by a Reviewing Party of Confidential and Highly Confidential Information shall not constitute an admission or concession, or permit an inference that such material is, in fact, Confidential or Highly Confidential subject to this Protective Order. Any Reviewing Party may challenge the Producing Party's designations of documents or material as not confidential. Such challenge must be in writing. If the status of any Confidential and Highly Confidential Information is challenged in writing, the Producing Party shall have twenty (20) days from the receipt of such written notice to <u>request an informal discovery dispute conference pursuant to the undersigned Magistrate Judge's case management procedures.</u> ~~apply to the Court for an order designating the material as~~

~~confidential. The Producing Party shall have the burden of establishing that the Confidential or Highly Confidential Information is appropriately designated under the Protective Order.~~

    *9b.*     *Treatment of Designated Documents Pending Challenge.* Notwithstanding any challenge to the designation of material as Confidential or Highly Confidential, all Documents and information shall be treated as such subject to the provisions of this Order unless and until one of the following occurs:

    (i)     the Producing Party withdraws such designation in writing;

    (ii)     the Producing Party fails to <u>request an informal discovery dispute conference</u> ~~apply to the Court for an order designating the material as confidential~~ within the time period specified above after receipt of a written challenge to such designation; or

    (iii)     the Court rules the material is not Confidential or Highly Confidential.

    *10a.*     *Termination of Action.* Upon final termination of the action, including all appeals, the Parties and Counsel may retain Documents, things, copies and samples, to the extent they include or reflect the Party's attorney work product. Counsel may also retain a complete set of all documents filed with the Court in this action, and all depositions and exhibits thereto. With respect to any such retained material, this Protective Order shall survive the final termination of this action. Nothing in this paragraph 10a shall limit the obligations of paragraph 10b.

    *10b.*     Within thirty (30) days of final termination of this action, including all appeals, unless the Parties agree otherwise, all Documents containing Confidential or Highly Confidential Information ("Non-Retainable Materials"), (i) shall be assembled (except for any that may be retained by the Court) and returned to the Producing Party's counsel, along with a certification in writing that all such materials have been returned, or (ii) the Receiving Party may alternatively destroy all such materials and certify in writing the destruction thereof, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential or Highly Confidential Information (such retained work product and court-filed documents shall remain subject to the terms of this Protective Order). This requirement to either return or destroy materials shall apply to all Non-

Retainable Materials to the extent that they contain Confidential or Highly Confidential Information. Notwithstanding any other provision in this Order, the Clerk of the Court is permitted, at the end of litigation, to return to counsel or to destroy any sealed material that has been filed with the Court.

11. *Violations of Protective Order.* Should a Reviewing Party violate any of the terms of this Protective Order, including inadvertent violations, such Reviewing Party shall immediately convey that fact to the Producing Party. Further, should such violation consist of improper disclosure of Confidential or Highly Confidential Information, the violating person shall take all necessary steps to remedy the improper disclosure. If Confidential or Highly Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, any Participant becoming aware of such disclosure shall immediately inform the Producing Party of all pertinent facts relating to such disclosure and shall instruct each unauthorized person to treat such information as confidential and demand that it be returned. The Court retains its full authority to fashion appropriate sanctions for violations of this Protective Order. Nothing in this Protective Order shall limit any other rights and remedies available to the Producing Party at law or in equity against any person using Confidential Information in a manner not authorized by this Protective Order.

12. *Client Consultation*. Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients relating to the conduct of this proceeding and any subsequent judicial proceeding arising therefrom; *provided, however*, that in rendering such advice and otherwise communicating with such client, Counsel shall not disclose Confidential or Highly Confidential Information except as provided by the terms of this Protective Order.

13. *No Waiver of Confidentiality*. Disclosure of Confidential or Highly Confidential Information as provided herein by any person shall not be deemed a waiver by any Producing Party of any privilege or entitlement to confidential treatment of such Information and/or Documents. Reviewing Parties, by viewing this material, agree: (1) not to assert any such waiver; (2) not to use such Information and/or Documents to seek disclosure in any other

proceeding; and (3) that accidental disclosure of such Information and/or Documents by a Producing Party shall not be deemed a waiver of any privilege or entitlement as long as the Producing Party takes prompt remedial action.

14. *Subpoena by Courts, Departments, or Agencies.* If a court, or a federal or state department or agency issues a subpoena for, or orders the production of, Confidential or Highly Confidential Information that a Receiving Party has obtained under terms of this Protective Order, such party shall promptly notify each Producing Party of the pendency of such subpoena or order. Consistent with the independent authority of any court, department or agency, such notification must be accomplished such that the Producing Party has a full opportunity to oppose such production prior to the production or disclosure of any Confidential or Highly Confidential Information.

15. Nothing contained in this Protective Order shall preclude any Party from using its own Confidential or Highly Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

16. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this proceeding.

17. This Stipulation and Protective Order may be executed in counterparts.

**IT IS SO AGREED UPON AND STIPULATED.**

Dated: August 8, 2018         **KING & SPALDING LLP**

By:   /s/ W. Scott Cameron
         W. Scott Cameron

Attorneys for Defendant
PST SERVICES, LLC

| | | |
|---|---|---|
| Dated: August 8, 2018 | | **SCHONBRUN SEPLOW HARRIS & HOFFMAN, LLP** |
| | By: | /s/ Wilmer J. Harris (as authorized on 8/8/2018)<br>Wilmer J. Harris |
| | | Attorneys for Plaintiff and Relator<br>NICOLE O'NEILL |
| Dated: August 8, 2018 | | **NIXON PEABODY LLP** |
| | By: | /s/ Jason Gonzalez (as authorized on 8/8/2018)<br>Jason Gonzalez |
| | | Attorneys for Defendant<br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, PST SERVICES, LLC, BYRON MENDENHALL, M.D., QUINN GEE, M.D., and MARGARET VASSILEV, M.D. |

## **ORDER**

Pursuant to the above stipulation by the parties and the Court's modification to paragraphs 9a. and 9b. above, the stipulated protective order is hereby adopted.

IT IS SO ORDERED.

Dated: **August 9, 2018**  /s/ *Erici P. Grosj*
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

1. I, _____, have read the foregoing Stipulated Protective Order Governing Disclosure of Confidential Information ("Protective Order") entered in the action entitled **United States ex rel. O'Neill v. Somnia, Inc., et al., U.S. District Court For The Eastern District Of California - Case No. 1:15-CV-00433-DAD-EPG** ("Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Protective Order.

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under this Order any documents, tangible things, information or materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

3. I hereby agree that any documents, tangible things, information or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will be returned to the person who furnished such documents, tangible things, information or materials to me or destroyed.

4. I submit myself to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Date:_____          _____
                                                         [NAME]