Wilmer J. Harris, SBN 150407
wharris@sshhlaw.com
Stephanie T. Yu, SBN 294405
syu@sshhlaw.com
**SCHONBRUN SEPLOW**
**HARRIS & HOFFMAN LLP**
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770
[Additional counsel on following page]

Attorneys for Plaintiff Nicolle O'Neill

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA *ex rel.* NICOLLE O'NEILL<br><br>Plaintiffs/Relator<br><br>vs.<br><br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, MCKESSON CORPORATION, ROBERT GOLDSTEIN, M.D., ROY WINSTON, M.D., BYRON MENDENHALL, M.D., QUINN GEE, M.D., AND MARGARET VASSILEV, M.D, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 1:15-CV-00433-DAD-EPG<br><br>**RELATOR'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO F.R.C.P. RULE 54(b)**<br><br>Date: November 6, 2018<br>Time: 9:30 a.m.<br>Ctrm: 5<br><br>**Judge Dale A. Drozd** |

Andrea Gold, SBN 502602
agold@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D. C. 20036
Telephone No.: (202) 973-0900
Facsimile No.: (202) 973-0950

Michael D. Seplow, SBN 150183
mseplow@sshhlaw.com
**SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone No.: (310) 396-0731
Facsimile No.: (310) 399-7040

Attorneys for Plaintiff Nicolle O'Neill

## NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)

PLEASE TAKE NOTICE that on November 6, 2018, at 9:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom 5 of the United States District court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California 93721, Relator Nicolle O'Neill, on behalf of the United States of America and the State of California Plaintiffs, by and through undersigned counsel, respectfully move this Honorable Court pursuant to Federal Rule of Civil Procedure 54(b) to enter final judgment as to its Memorandum of Opinion dated September 7, 2018 with respect to its dismissal of Relator's claims against Defendant PST Services, LLC.

As there is no just reason for delay of entry of judgment on these claims, Relator requests the Court to enter final judgment and make an express determination under Rule 54(b). Relator relies upon the Memorandum of Points and Authorities below, the proposed order accompanying this motion, the pleadings on file in this action, and such additional matters that the Court may entertain. As explained more fully below, such an entry and determination is warranted to promote judicial efficiency and speedy adjudication of the underlying case.

<u>Certification re: Meet and Confer:</u>  Counsel for Plaintiff/Relator met and conferred with counsel for Defendant PST Services, LLC regarding Plaintiff's proposed motion.  Defendant's counsel replied that Defendant will not oppose the motion and will file a "statement of non-opposition" after Plaintiff/Relator files her motion.

DATED:  October 9, 2018            SCHONBRUN SEPLOW
                                   HARRIS & HOFFMAN LLP

                                   By:  ____/s/Wilmer J. Harris_____
                                        Wilmer J. Harris
                                        Michael D. Seplow
                                        Stephanie T. Yu
                                        Attorneys for Relator/Plaintiff, Nicole O'Neill

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND BACKGROUND**

On September 7, 2018, the Court granted a motion to dismiss in favor of Defendant PST Services, LLC ("PST"), dismissing the first, second, and third causes of action in the Second Amended Complaint ("SAC") to the extent that they relate to the QZ code, as well as to the extent that they relate to Defendant's claims submitted prior to March 3, 2014. Relator respectfully request that the Court now enter final judgment on these claims pursuant to Federal Rule of Civil Procedure 54(b) as to this named Defendant, so that she may seek appellate review of the Court's ruling without undue delay. This lawsuit has been pending for over three years, and the trial date is set out for another two years. There are many elements of the remaining claims to be decided, and still much labor and time will endure before the Court will finally resolve all of Relator's claims. As such, Relator requests that there be no further delay in seeking appellate review during the remaining years needed to resolve the pending claims.

Relator's remaining claims present discrete legal issues that will not be mooted out by further litigation on any of the remaining claims, and appellate review upon a Rule 54(b) entry would likely hasten resolution of the matter. Accordingly, this is a model case for a Rule 54(b) entry.

**II.     FACTUAL SUMMARY**

Relator Nicolle O'Neill brought this case on behalf of herself, the United States of America and the State of California to hold Defendants accountable for their longstanding, pervasive practice of overbilling the Government for anesthesia services provided at Kaweah Hospital. The SAC alleges that Defendants knowingly and systematically submitted false claims for payment to the Centers for Medicare and Medicaid Services ("CMS") stating that medical doctors were medically directing anesthesia services when, in reality, such services were actually being performed by Certified Registered Nurse Anesthetists ("CRNAs") with little or no oversight by the doctors. Worse, when Defendant PST was hired to take over coding and billing practices at Kaweah Hospital, it perpetuated the fraudulent billing practices.

### A.   CLAIMS AGAINST THE SOMNIA/PAS DEFENDANTS

#### 1.  Wrongful Termination Claims

Ms. O'Neill was terminated from her position with Somnia/Primary Anesthesia Services ("Somnia/PAS").  She has brought claims against the Somnia/PAS defendants only for wrongful termination.  There are no such claims against PST.

#### 2.  *Qui Tam* Claims Unique to The Somnia/PAS Defendants

There are four basic ways in which anesthesia services are provided and billed, based on the level of involvement by a Medical Doctor of Anesthesiology ("MDA"): (1) Personally Performed, (2) Medical Direction, (3) Medical Supervision and (4) CRNA Independent. Anesthesia services are performed under "Medical Direction" when an MDA is directly involved in providing the anesthesia services, but with the assistance of another qualified individual such as a CRNA.  SAC ¶32.  More specifically, anesthesia services are "medically directed" when a physician meets certain conditions or performs certain tasks, such as monitoring the administration of anesthesia at certain intervals and remaining available to diagnose and treat emergencies. 42 C.F.R. §414.46(d)(i); 42 C.F.R. § 415.110 (describing activities physician must perform under 42 C.F.R. § 414.46(d)(i) for "medically directed" services); see also Medicare Claims Processing Manual, Ch.12, § 50(C) (explaining when "medical direction" occurs). Notably, a physician may medically direct up to four concurrent procedures. 42 C.F.R. § 415.110(a)(2); see also Medicare Claims Processing Manual, Ch.12, § 50(J) (defining "Concurrent Medically Directed Anesthesia Procedures" and providing examples of concurrent procedures).  SAC ¶33.

Relator alleges that the Somnia/PAS defendants had a systematic practice of improperly billing for medical direction when the statutory prerequisites for such billing were not met. Claims based on these allegations are unaffected by the Court's Order of September 7, 2018.

### B.   CLAIMS AGAINST ALL DEFENDANTS BASED ON ALLEGED MISUSE OF THE QZ MODIFIER

Relator alleged that all defendants violated the False Claims Act by improperly using the QZ modifier when CRNAs were being medically supervised by MDAs.  By its order of

September 7, 2018, the Court dismissed these claims.

### III. PROCEDURAL HISTORY

After Relator filed the First Amended Complaint ("FAC"), both PST and the Somnia Defendants moved to dismiss. See Dkt. Nos. 45, 48. At the end of its 24-page written opinion, the Court denied PST's motion outright. *Id.* at 23. The Court also denied the Somnia Defendants' motion as to most of the claims against them. *Id.* at 23-24. The Court granted the Somnia Defendants' "motion to dismiss causes of action one through three (Dkt. 48) . . . only to the extent those causes of action are based upon Defendants' alleged use of the QZ code," and gave Relator 28 days to file an amended complaint. *Id.* at 23-24. This ruling was based on the Somnia Defendants' argument contesting the materiality of the QZ modifier claims, wherein the Somnia Defendants argued that Relator had not shown that use of the QZ modifier was material to the Government's reimbursement decisions. *Id.* at 15.  PST had not made this argument. PST filed its Answer on February 16, 2018. Dkt. 72. Relator filed her SAC on February 28, 2018. Dkt. 74.

On March 14, 2018, both PST and the Somnia Defendants filed motions to dismiss Relator's SAC.  Defendant PST moved to dismiss any False Claims Act ("FCA") causes of action against it to the extent they involve submission of claims prior to March 3, 2014, and dismissal of counts one, two, and three of the SAC to the extent they concern Defendants' alleged misuse of the QZ code. On September 7, 2018, the Court granted Defendant PST's motion to dismiss. The Court dismissed Relator's first, second, and third causes of action with respect to any claims based upon use of the QZ modifier.  The Court also dismissed the first, second, and third causes of action against Defendant PST with respect to any claims submitted prior to March 3, 2014.

As a result of the Court's ruling, all claims pled against Defendant PST have been dismissed.  The claims against the remaining defendant arise from Ms. O'Neill's wrongful termination claim as well as her False Claims Act claims based on those defendants' wrongful billing of the more lucrative medical direction billing when defendants' anesthesiologists had not met the statutory requirements for reimbursement.

## IV. ARGUMENT

Federal Rule of Civil Procedure 54(b) specifically permits certification for interlocutory appeal where "certification would not result in unnecessary appellate review; that the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 5–6 (1980). In this case, all the requirements for certification are clearly met.

### A. The Court's Adjudication of the Defendant's Claims Is Final

When deciding whether to enter judgment under 54(b), "[a] district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 446 U.S. at 7.

The Court's motion to dismiss order is a final adjudication of Relator's claims as to Defendant PST. The Court's decision on PST's motion to dismiss ended all of Relator's claims against PST. Relator's remaining claims are directed against Somnia, PAS and individual physicians affiliated with those defendants.

These remaining claims are separate and distinct from the claims at issue in the Court's order dismissing PST, and hence this claim is appropriate for entry of final judgement under Rule 54(b). The remaining claims involve Ms. O'Neill's personal claims for wrongful termination in retaliation for her whistleblowing activity and her False Claims Act claims against the Somnia/PAS defendants arising out of fraudulent activity that occurred prior to defendant PST's retention. Specifically, the *qui tam* allegations that remain focus on improper billing of the medical direction code when the conditions for such billing were not met. This claim is entirely independent of the claims adjudicated by the Court in its September 7, 2018 order.

**B.     There Is No Just Reason to Delay Entry of Final Judgment**

If judgment is not entered under Rule 54(b), it will be an extensive period of time before the case is finalized and can be appealed. This lawsuit has been pending since 2015. Relator has several remaining claims that are yet to be determined. Discovery and motion practice in this case is expected to be extensive and, hence, the trial date is currently set for February 25, 2020. There is no just reason why the parties should wait until the entire case is resolved before obtaining appellate review.

**C.     Certification of the Claims Would Expedite Relator's Matter**

The claims that do remain are "legally and factually distinct" from the claims dismissed by the Court's order. *See Gregorian v. Izvestia*, 871 F.2d 1515, 1520 (9th Cir. 1989). Thus, here "the adjudicated claim[] [is] separable from the others and . . . the nature of the claim [is] such that no appellate court would have to decide the same issues more than once." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005). Even so, "where the remaining claims would require proof of the same facts involved in the dismissed claims" this Court can still enter judgment under Rule 54(b). *De La Torre v. CashCall, Inc.*, No. 08-CV-03174-MEJ, 2014 WL 7277377, at *3 (N.D. Cal. Dec. 22, 2014).

However, even if the claims disposed of may overlap with the remaining claims, appeal of the legal issues dismissed would "streamline the ensuing litigation." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987) (finding that "although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation."). Additionally, "[i]f there is factual overlap between claims, certification of some of the claims may be appropriate if 'the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims.'" *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 6000017, at *3 (W.D. Wash. Nov. 12, 2013) (quoting *U.S. Fid. & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011)).

If this Court does find overlap in the legal or factual issues, resolution by the appellate court of pending factual issues or claims could expedite the ensuing litigation. Trial in the

1  instant case is not scheduled to commence until February 2020.  Without relief from this Court,
2  PST and Relator O'Neill will be significantly delayed in achieving finality of those claims.
3  Certification under Rule 54(b) now is more likely to aid "expeditious decision" of the case
4  overall by resolving all the remaining claims on a tighter schedule. *De La Torre*, 2014 WL
5  7277377, at *4.
6        Because Plaintiff/Relator's motion meets all of the standards under Rule 54(b), the
7  Court should grant her motion.

## V. CONCLUSION

For these reasons, Relator respectfully request the Court grant her Rule 54(b) Motion for Entry of Final Judgment certifying its Opinion and Order as to Relator's claim against PST, and make the requisite express findings as described above.

DATED:  October 9, 2018        SCHONBRUN SEPLOW
                                          HARRIS & HOFFMAN LLP

                                          By:  ____*/s/Wilmer J. Harris*_____
                                                  Wilmer J. Harris
                                                  Michael D. Seplow
                                                  Stephanie T. Yu
                                                  Attorneys for Relator/Plaintiff, Nicole O'Neill