UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA ex rel. NICOLLE O'NEILL, and NICOLLE O'NEILL,<br><br>Plaintiffs/Relator,<br><br>v.<br><br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, PST SERVICES LLC, ROBERT GOLDSTEIN, M.D., ROY WINSTON, M.D., BYRON MENDENHALL, M.D., QUINN GEE, M.D., AND MARGARET VASSILEV, M.D., and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:15-cv-00433-DAD-EPG<br><br><u>ORDER DENYING RELATOR'S MOTION FOR ENTRY OF FINAL JUDGMENT</u><br><br>(Doc. No. 101) |

This matter is before the court on relator Nicolle O'Neill's unopposed motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. No. 101.) On November 6, 2018, that motion came before the court for hearing. No appearance was made on behalf of relator. Attorney Vincente Tennerelli appeared on behalf of party in interest United States of America. Attorneys Mae Hau, Bradley Lingo, Timothy Barber, and Scott Cameron appeared on behalf of defendants. Having considered the parties' briefing and heard argument, and for the reasons that follow, relator's motion for entry of final judgment will be denied.

/////

1

**BACKGROUND**

The factual allegations of this case have been addressed in prior court orders, and are recited here only as relevant to this motion. On September 7, 2018, the court granted defendants' second motions to dismiss. (Doc. No. 95.) That order dismissed claims brought by relator O'Neill in two respects. First, based on the allegations in the Second Amended Complaint ("SAC") that defendant PST Services LLC ("PST") became involved in the events giving rise to this action on or about March 3, 2014, the court dismissed all causes of action against PST related to conduct that allegedly took place prior to that date. Second, the court dismissed relator's first, second, and third causes of action against all defendants to the extent those causes of action asserted liability under the False Claims Act ("FCA") and California False Claims Act ("CFCA") based on the alleged misuse of the "QZ" billing code contained within the Medicare Claims Processing Manual.

Relator O'Neill contends that as a consequence of this order, all claims against defendant PST have now been dismissed. Relator's remaining claims are against the other defendants, which include claims under the FCA and CFCA, as well as claims for retaliation, wrongful termination, and health and safety code violations. Accordingly, relator seeks entry of final judgment against defendant PST. All defendants in this action have filed statements of non-opposition to that motion. (Doc. Nos. 102, 104).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay." To do so, the district court "must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). Second, "it must determine whether there is any just reason for delay." *Id.* As the Supreme Court has explained, the rule was adopted "to avoid the possible injustice of delaying judgment on a distinctly separate claim pending

adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, ___ U.S. ___, ___, 135 S. Ct. 897, 902 (2015) (internal quotation marks and brackets omitted). However, concerns about judicial economy counsel that Rule 54(b) should be used sparingly. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). In deciding whether to grant judgment under the Rule, courts should consider "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood*, 422 F.3d at 878)). That said, the issues raised on appeal need not be "completely distinct" from the rest of the action in order to enter final judgment. *Id.*

## ANALYSIS

**A.    Rendering of a Final Judgment**

The court turns first to whether it has rendered a final judgment as to a particular claim or party in this action. Although counsel for relator made no appearance at the hearing to argue the instant motion, the court understands relator's position to be that the court has now dismissed all cognizable FCA and CFCA claims brought against defendant PST. (Doc. No. 101 at 7.) The court accepts this concession by relator for purposes of resolving the pending motion.

**B.    Just Reason for Delay**

Next, the court considers whether just reasons exist for delay. The court starts, as it must, with the presumption that relator is not entitled to entry of final judgment under Rule 54. The Ninth Circuit has instructed that use of Rule 54(b) is to be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see also Birkes v. Tillamook County*, No. 3:09-CV-1084-AC, 2012 WL 2178964, at *1 (D. Or. June 13, 2012) (stating that "the burden lies on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b)"). Good cause to grant such motions has been found when, for instance, one

of the parties was at risk of losing a substantial amount of money if the matter was not resolved promptly. *See Curtiss-Wright Corp.*, 446 U.S. at 6.

The only reason proffered by relator for granting the instant motion is that doing so "would expedite relator's matter." (Doc. No. 101 at 8.) While relator would undoubtedly wish for this matter to be resolved expeditiously, that alone does not constitute a "pressing need" in the court's view. *See Morrison-Knudsen Co.*, 655 F.2d at 965. The Eastern District of California remains one of the most heavily-burdened districts in the country, frequently resulting in a delayed resolution of cases. This is particularly so where, as here, relator has elected to bring an action against numerous parties, and alleges multiple claims against each of them. Resolution of such cases necessarily takes time.

In addition, the issues relator seeks to appeal cannot be fairly characterized as "severable" from the issues remaining before the court. *See Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). The Ninth Circuit's decision in *Wood* is instructive in this regard. In that case, the plaintiff alleged age discrimination against defendant under multiple statutes and theories of recovery. *Wood*, 422 F.3d at 875. The district court granted summary judgment in favor of defendant to the extent plaintiff's claims were based on one theory of recovery, but denied summary judgment as to a separate theory. The district court certified its judgment pursuant to Rule 54(b), but the Ninth Circuit reversed and dismissed the appeal. In doing so, the Ninth Circuit declined to engage in an analysis of whether the district court had entered judgment as to specific claims, or alternatively had merely resolved particular theories of recovery. *Id.* at 880; *see also Cont'l Airlines, Inc.*, 819 F.2d at 1525 (noting that the distinction between claims and theories of recovery "eludes the grasp like quicksilver"). Instead, the court looked at the "practical effect" of certifying one theory of recovery to the Ninth Circuit, and found that doing so would almost certainly result in piecemeal appeals over the same set of facts. *Wood*, 422 F.3d at 880.

This analysis, undertaken by the Ninth Circuit in *Wood*, applies here. In practical effect, what relator appears to seek is immediate appellate review of this court's decision regarding use of the QZ code. However, relator's allegations with respect to the QZ code constituted only one

4

portion of relator's FCA and CFCA claims, and the other aspects of those claims have not been dismissed or otherwise resolved.  Were the court to grant relator's motion, the Ninth Circuit would be asked to resolve whether relator's FCA and CFCA claims were properly adjudicated by this court, even though those same claims remain live controversies before this district court.  The same factual allegations underpin all of relator's theories of recovery under those statutes, and the legal issues concerning ultimate liability under the FCA and CFCA are identical.  "The greater the overlap the greater the chance that [the Ninth Circuit] will have to revisit the same facts—spun only slightly differently—in a successive appeal." *Id.* at 882.

If granted, relator's motion would divide this litigation into two separate cases before two separate tribunals.  As best as the court can discern, relator's only basis for requesting this relief is because it might streamline these proceedings.  The undersigned is sympathetic to these concerns.  The court notes that the parties to this action only recently stipulated to amendment of the scheduling order, and that jury trial in this case is now set to begin on January 26, 2021, almost two years from now.  (Doc. No. 115, 116.)  Assuming that date is adhered to and this case is litigated to completion, this case will have been litigated for almost six years, even before accounting for any appeal.  Nonetheless, relator is not permitted to make an end run around the normal course of litigation simply for the sake of convenience or expediency.  Instead, relator is required to put forward "a seriously important reason" in order to be entitled to entry of final judgment under Rule 54(b). *Wood*, 422 F.3d at 882.  Relator having failed to do so, and because issues of judicial economy disfavor the granting of such motions, relator's motion for entry of final judgment (Doc. No. 101) is denied.

IT IS SO ORDERED.

Dated: **February 14, 2019**

UNITED STATES DISTRICT JUDGE

5