Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
Sarah L. Dawley, SBN 325897
sdawley@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770

Attorneys for Plaintiff Nicolle O'Neill

[Additional counsel on following page]

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA *ex rel.* NICOLLE O'NEILL, NICOLLE O'NEILL,<br><br>Plaintiffs/Relator<br><br>vs.<br><br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, PST SERVICES LLC, ROBERT GOLDSTEIN, M.D., ROY WINSTON, M.D., BYRON MENDENHALL, M.D., QUINN GEE, M.D., AND MARGARET VASSILEV, M.D, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 1:15-CV-00433-DAD-EPG<br><br>**STIPULATION REGARDING RELATOR NICOLLE O'NEILL'S MOTION FOR EVIDENTIARY SANCTIONS**<br><br>**Complaint Filed: March 19, 2015** |

Andrea Gold, *Appearing Pro Hac Vice*
agold@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, DC 20036
Telephone No.: (202) 973-0900
Facsimile No.: (202) 973-0950

Mallory Morales, SBN 324094
mmorales@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway - Suite 1070
Oakland, CA 94612
Telephone No.: (510) 254-6810
Facsimile No.: (202) 973-0950

Michael D. Seplow, SBN 150183
mseplow@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
9415 Culver Blvd., #115
Culver City, CA 90232
Telephone No.: (310) 396-0731
Facsimile No.: (310) 399-7040

Attorneys for Plaintiff/Relator Nicolle O'Neill


Bruce Copeland (SBN 124888)
bcopeloand@nixonpeabody.com
**NIXON PEABODY LLP**
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel:  415-984-8200
Fax: 415-984-8300

Brian K. French (Admitted *Pro Hac Vice*)
bfrench@nixonpeabody.com
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110-2131
Tel:   617-345-1000
Fax:   617-345-1300

Michael R. Lindsay (SBN 110845)
mlindsay@nixonpeabody.com
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Tel:   213-629-6000
Fax:   213-629-6001

Attorneys for Defendants
SOMNIA, INC., PRIMARY ANESTHESIA
SERVICES P.C., BYRON MENDENHALL, M.D.,
QUINN GEE, M.D., AND MARGARET VASSILEV, M.D.

Relator Nicolle O'Neill ("Relator") and defendants Somnia, Inc. ("Somnia"), Primary Anesthesia Services, P.C., Byron Mendenhall, M.D., Quinn Gee, M.D., and Margaret Vassilev, M.D. (collectively "Defendants"), by and through their respective counsel of record, stipulate as follows:

1. WHEREAS, counsel for Relator and counsel for Defendants (collectively, the "Parties"), along with their respective medical and billing experts, met and conferred for several months to negotiate a sampling protocol to assist the Parties in efficiently analyzing the medical and billing records in this case.

2. WHEREAS, the Parties eventually entered into a Stipulation Regarding Sampling Protocol ("Sampling Protocol") in which they agreed to implement two sampling designs: (a) a "Sample of Calendar Days" in which a random sample of 40 calendar days is selected and all patient encounters on those sample days are reviewed; and (b) a "Sample of Patient Encounters" in which a random sample of 200 patient encounters is selected and reviewed.[1]

3. WHEREAS, under the Sampling Protocol:

   a. The Sample of Calendar Days can be used to derive alleged damages and/or penalties stemming from violations of rules regarding (i) personally performed anesthesia services pursuant to 42 C.F.R. § 414.46; (ii) concurrency for billing anesthesia services to Medicare pursuant to 42 C.F.R. § 415.110(a)(2); (iii) failures in TEFRA documentation pursuant to 42 C.F.R. § 415.110(a)(1), (b); or (iv) any combination of (i), (ii), or (iii). *See* Sampling Protocol, § IV(8)(a). The Sample of Calendar Days can also be used to determine the number and dollar amount of alleged false claims in which the requirements of 42 C.F.R. §§

---

[1] A "patient encounter" refers to anesthesia services provided to a particular patient beginning on the specific date chosen in the random sample until completed (even if anesthesia services are not concluded for that patient until the next calendar day) and not to any other date(s) separate anesthesia services were provided to that patient.

415.110(a)(1), (2), (b), or 414.46 were not met. *See* Sampling Protocol, § IV(9)(a).

    b.    The Sample of Patient Encounters can be used to derive alleged damages and/or penalties stemming from deficiencies in TEFRA documentation pursuant to 42 C.F.R. § 415.110(a)(1), (b), or failure to meet the requirements of 42 C.F.R. § 414.46 for billing for anesthesia services as personally performed. They cannot be used to derive alleged damages and/or penalties stemming solely from deficiencies related to concurrency pursuant to 42 C.F.R. § 415.110(a)(2). *See* Sampling Protocol, § IV(8)(b). The Sample of Patient Encounters can also be used to determine the number and dollar amount of alleged false claims in which the requirements of 42 C.F.R. §§ 415.110(a)(1), (b), or 414.46 were not met. *See* Sampling Protocol, § IV(10)(a).

4. WHEREAS, under the Sampling Protocol, Somnia agreed to produce certain documents relating to anesthesia services provided for the patient encounters in the Sample of Calendar Days and Sample of Patient Encounters. *See* Sampling Protocol, §§ II–III.

5. WHEREAS, on December 8, 2020, the Parties entered into a Joint Stipulation to Continue Schedule, which, among other things, stated that the Parties "are hopeful that [the process of retrieving the agreed upon documents] … will result in no additional unforeseen complications, technical or otherwise, and therefore Somnia estimates that it will provide Relator with all relevant records for the patient encounters sample and calendar day sample by January 25, 2021." (ECF 146.)

6. WHEREAS, Somnia did not complete its production of documents called for under the Sampling Protocol by January 25, 2021. The Parties engaged in numerous meet and confer communications regarding the outstanding production.

7. WHEREAS, Somnia contends that it encountered unforeseen

complications that delayed the production of documents called for under the Stipulation Regarding Sampling Protocol.

8. WHEREAS, the Court held a discovery conference on May 3, 2021 to address the document production dispute. (ECF 157.) As of that conference, Somnia's production remained incomplete. At that conference, the Court ruled that Relator was permitted to file a motion for evidentiary sanctions in connection with the document production dispute.

9. WHEREAS, on June 10, 2021, the Court held a follow-up discovery conference to hear arguments on Relator's motion for evidentiary sanctions related to the dispute regarding document production. (ECF 171, 176.) At the June 10 conference, the Court declined to issue Relator's requested sanctions but permitted Relator to supplement her motion to request alternative forms of relief. (ECF 176.)

10. WHEREAS, the Court scheduled argument on Relator's request for alternative forms of relief for June 28, 2021.

11. WHEREAS, on June 18, 2021, Relator filed a supplement to her motion for evidentiary sanctions to request alternative forms of relief. (ECF 180.)

12. WHEREAS, the Parties have since engaged in additional meet-and-confer discussions.

13. THEREFORE, the Parties agree to resolve this discovery dispute as follows:

    a. The Parties agree that neither Relator nor Defendants will complete any expert analysis and/or audit of the Sample of Calendar Days for any purpose in this litigation.

    b. As previously agreed in the Sampling Protocol, the Sample of Patient Encounters cannot be used to derive alleged damages and/or penalties stemming from deficiencies related solely to concurrency pursuant to 42 C.F.R. § 415.110(a)(2). Thus, since the Parties will not be completing any expert analysis and/or

audit of the Sample of Calendar Days, the Parties agree that any alleged damages and/or penalties in this matter will not be based on alleged deficiencies related solely to concurrency pursuant to 42 C.F.R. § 415.110(a)(2), although evidence relating to concurrency may be presented for purposes of liability.

c. The Parties agree that neither Relator nor Defendants will object to the opposing Party's expert analysis and/or results related to the Sample of Patient Encounters as an inappropriate method of identifying the number and dollar amount of alleged false claims or of analyzing alleged damages and/or penalties in this matter because the opposing Party did not complete an expert analysis and/or audit of the Sample of Calendar Days.  The Parties agree that the Party's expert analyses and/or audits of the Sample of Patient Encounters may be used for the purposes agreed upon for that sample in the Stipulation Regarding Sampling Protocol.

IT IS SO STIPULATED

Dated:  June 25, 2021        SCHONBRUN SEPLOW HARRIS
                             HOFFMAN & ZELDES LLP

                             TYCKO & ZAVAREEI LLP

                             By: ____/s/Sarah L. Dawley_____
                                 Sarah L. Dawley
                             Attorneys for Plaintiff/Relator Nicolle O'Neill

Dated:  June 25, 2021        NIXON PEABODY LLP

                             By: ____/s/ Brian French_____
                                 Brian French
                             Attorneys for Defendants
                             SOMNIA, INC., PRIMARY ANESTHESIA
                             SERVICES, P.C., BYRON MENDENHALL, M.D.,
                             QUINN GEE, M.D., and MARGARET VASSILEV,
                             M.D.