| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA ex rel. NICOLLE O'NEILL,<br><br>Plaintiffs/Relator,<br><br>v.<br><br>SOMNIA, INC. et al.,<br><br>Defendants. | Case No. 1:15-cv-433-DAD-EPG<br><br>ORDER RESOLVING RELATOR NICOLLE O'NEILL'S MOTION FOR EVIDENTIARY SANCTIONS FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF Nos. 169, 171) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

After informally addressing a discovery dispute between the parties, the Court granted Plaintiff permission to file a discovery motion. (ECF No. 157). On May 20, 2021, Plaintiff filed a motion for evidentiary sanctions for failure to obey a court order. (ECF No. 169, *see* ECF No. 171).

On June 10, 2021, the Court addressed the motion in detail with the parties at a telephonic motion conference. (ECF No. 176). For the reasons stated on the record, the Court declined to issue sanctions as requested by Plaintiff but permitted Plaintiff to supplement her motion to request alternative forms of relief before the scheduled June 28, 2021 status conference. (*Id.*). Plaintiff filed a supplement to her motion requesting alternative sanctions (ECF No. 180) and Defendants filed a response (ECF No. 186).

///

1

Before the status conference occurred, the parties filed a stipulation resolving their discovery dispute. (ECF No. 185). During the status conference, the parties confirmed their resolution of the dispute, agreeing that the terms of the settlement resolve Plaintiff's motion.

Accordingly, in light of the parties' stipulation (ECF No. 185) IT IS ORDERED as follows:

1. Pursuant to the terms of the parties' stipulation (ECF No. 185):
    a. Neither Relator nor Defendants will complete any expert analysis and/or audit of the Sample of Calendar Days for any purpose in this litigation.
    b. The Sample of Patient Encounters cannot be used to derive alleged damages and/or penalties stemming from deficiencies related solely to concurrency pursuant to 42 C.F.R. § 415.110(a)(2). Thus, since the Parties will not be completing any expert analysis and/or audit of the Sample of Calendar Days, the Parties agree that any alleged damages and/or penalties in this matter will not be based on alleged deficiencies related solely to concurrency pursuant to 42 C.F.R. § 415.110(a)(2), although evidence relating to concurrency may be presented for purposes of liability.
    c. Neither Relator nor Defendants will object to the opposing Party's expert analysis and/or results related to the Sample of Patient Encounters as an inappropriate method of identifying the number and dollar amount of alleged false claims or of analyzing alleged damages and/or penalties in this matter because the opposing Party did not complete an expert analysis and/or audit of the Sample of Calendar Days. The Party's expert analyses and/or audits of the Sample of Patient Encounters may be used for the purposes agreed upon for that sample in the Parties' Stipulation Regarding Sampling Protocol.

\\\
\\\
\\\
\\\

2. This Clerk of the Court shall terminate Plaintiff's motion for evidentiary sanctions for failure to obey a court order on the docket. (ECF No. 169, *see* ECF No. 171).

IT IS SO ORDERED.

Dated: **June 29, 2021**　　　　　　　　/s/ Erin P. Gross
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE