1  Bruce Copeland (SBN 124888)
   bcopeloand@nixonpeabody.com
2  **NIXON PEABODY LLP**
   One Embarcadero Center, 32nd Floor
3  San Francisco, CA 94111
   Tel: 415-984-8200
4  Fax: 415-984-8300

5

6  Attorneys for Defendants Somnia, Inc.,
   Primary Anesthesia Services, Byron
7  Mendenhall, M.D., Quinn Gee, M.D.,
   and Margaret Vassilev, M.D.
8
   [Other counsel on following page]
9

10 **UNITED STATES DISTRICT COURT**

11 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA *ex rel.* NICOLLE O'NEILL, NICOLLE O'NEILL<br><br>Plaintiffs/Relator<br><br>vs.<br><br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, PST SERVICES LLC, ROBERT GOLDSTEIN, M.D., ROY WINSTON, M.D., BYRON MENDENHALL, M.D., QUINN GEE, M.D., AND MARGARET VASSILEV, M.D, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 1:15-CV-00433-DAD-EPG<br><br>**DECLARATION OF BRIAN K. FRENCH IN SUPPORT OF JOINT STIPULATION TO CONTINUE SCHEDULE**<br><br>Complaint Filed:  September 15, 2015<br>Trial Date:  June 28, 2022<br><br>Judge: Hon. Dale A. Drozd |

1  Brian K. French (Admitted *Pro Hac Vice*)
   bfrench@nixonpeabody.com
2  **NIXON PEABODY LLP**
   100 Summer Street
3  Boston, MA 02110-2131
4  Tel:   617-345-1000
   Fax:   617-345-1300
5
6  Michael R. Lindsay (SBN 110845)
   mlindsay@nixonpeabody.com
7  **NIXON PEABODY LLP**
   300 S. Grand Avenue, Suite 4100
8  Los Angeles, CA  90071-3151
   Tel:   213-629-6000
9  Fax:   213-629-6001
10
11 Attorneys for Defendants Somnia, Inc.,
   Primary Anesthesia Services, Byron
12 Mendenhall, M.D., Quinn Gee, M.D.,
   and Margaret Vassilev, M.D.

I, Brian K. French, declare:

1. I am licensed to practice law in the Commonwealth of Massachusetts, and I am admitted *pro hac vice* in this action. (ECF No. 38). I am a partner at the law firm of Nixon Peabody LLP, attorneys for defendants Somnia, Inc., Primary Anesthesia Services, P.C., Quinn Gee, M.D., and Byron Mendenhall, M.D. ("Defendants"). I submit this declaration in support of the parties' Joint Stipulation to Continue Schedule. I have personal knowledge of the following facts. If called to testify, I could and would competently testify under oath to the facts set forth below.

2. Relator Nicolle O'Neill ("Relator") filed under seal her initial Complaint against the Defendants on March 19, 2015. (ECF No. 1). The filing was made under seal pursuant to the Federal and California False Claims Acts, on which this action is partially based. The initial Complaint was unsealed in December 2016, and Relator served the Defendants with the Complaint in April 2017.

3. On June 7, 2017, Defendants moved to dismiss the Complaint. (ECF No. 31). On July 7, 2017, Relator filed her First Amended Complaint ("FAC"). (ECF No. 41). Defendants moved to dismiss the FAC on August 21, 2017 (ECF No. 48), and the Court ruled on Defendants' motion to dismiss on February 2, 2018 (ECF No. 70).

4. Relator filed her Second Amended Complaint ("SAC"), which remains the operative pleading, on February 28, 2018. (ECF No. 74). On March 14, 2018, Defendants moved to dismiss the SAC. (ECF No. 78). The Court ruled on Defendants' motion to dismiss on September 7, 2018. (ECF No. 95).

5. On February 12, 2019, the Court granted the parties' Joint Stipulation to Amend Scheduling Order. (ECF No. 116).

6. On December 17, 2019, the Court approved the parties' Joint Stipulation to Amend Scheduling Order to allow the parties more time to agree to, and execute, a sampling protocol for the thousands of anesthesia and billing records material to the resolution of this case. (ECF No. 142).

7. On May 5, 2020, the Court further amended the Scheduling Order to account for

the unexpected delay and difficulty obtaining certain medical and billing records as well as the complications caused by the COVID-19 pandemic. (ECF No. 145). The difficulty stemmed in large part from the fact that defendant Somnia had changed its provider of medical and billing records, causing Somnia to have to re-engage its prior vendor, set up a new contract with them, and deal with difficult hardware and software issues associated with recovering the historical records.

8. In September 2020, after several months of discovery and negotiations relating to the proposed sample, the parties entered into a Stipulation Regarding Sampling Protocol that identified two samples: (1) a sample of forty days of patient medical procedures, and (2) a sample of 200 randomly selected patient encounters (i.e., medical procedures). The parties completed the "sample frames," which identified the forty days (for the "calendar days" sample) and the 200 patient encounters (for the "patient encounters" sample), by late November 2020.

9. On December 18, 2020, the Court further amended the Scheduling Order to allow Defendants time to retrieve the documents relevant to the two samples, which included thousands of pages of material. (ECF No. 149). The schedule the Court issued was as follows:

| | |
|---|---|
| Nonexpert Discovery Cutoff: | June 11, 2021 |
| Expert Disclosure: | September 3, 2021 |
| Rebuttal Expert Disclosure: | October 1, 2021 |
| Expert Discovery Cutoff: | November 3, 2021 |
| Last Date for Dispositive Motions: | November 17, 2021 |
| Trial: | June 27, 2022 |

10. The parties completed fact discovery and exchanged expert reports and expert rebuttal reports according to the amended schedule.

11. On October 26, 2021, the parties engaged in an all-day mediation conducted by the Honorable Judge Jay C. Gandhi (Ret.) of JAMS. The parties made significant progress towards resolution, and settlement discussions are ongoing with the continued assistance of Judge Gandhi. In light of the ongoing settlement discussions, and the fact that trial is not scheduled until June 28, 2022, the parties seek a continuance of the expert discovery cutoff date and the date for submitting

2

dispositive motions so they may continue to focus on settlement discussions with help from Judge Gandhi.

12. The parties stipulate and ask the Court to amend the Scheduling Order extending the expert discovery cutoff date to December 1, 2021, the date for submitting dispositive motions to December 21, 2021, the date for submitting opposition briefs to dispositive motions to January 25, 2022 (given the intervening holidays), and the date for submitting reply briefs to February 15, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November 12, 2021

_____
Brian K. French