Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770
[Additional counsel on following page]

Attorneys for Plaintiff Nicolle O'Neill

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA *ex rel.* NICOLLE O'NEILL, NICOLLE O'NEILL<br><br>Plaintiffs/Relator<br><br>vs.<br><br>SOMNIA, INC., PRIMARY ANESTHESIA SERVICES, PST SERVICES LLC, ROBERT GOLDSTEIN, M.D., ROY WINSTON, M.D., BYRON MENDENHALL, M.D., QUINN GEE, M.D., AND MARGARET VASSILEV, M.D, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 1:15-CV-00433-ADA-EPG<br><br>**JOINT STATUS REPORT**<br><br>**Judge: Hon. Ana de Alba**<br><br>Complaint: March 19, 2015<br>Trial Date: December 6, 2022 |

Andrea Gold (*admitted pro hac vice*, DC Bar. No. 502607)
agold@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D. C. 20036
Telephone No.: (202) 973-0900
Facsimile No.: (202) 973-0950

Michael D. Seplow, SBN 150183
mseplow@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS**
**HOFFMAN & ZELDES LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone No.: (310) 396-0731
Facsimile No.: (310) 399-7040

Attorneys for Plaintiff Nicolle O'Neill

Pursuant to the Court's order of August 31, 2022, the parties submit this joint report. Nothing in this report should be taken to suggest that any party agrees with or concedes the merits of any other party's arguments related to the allegations, evidence, or law at issue in this case.

## I.  PROCEDURAL HISTORY OF ACTION AGAINST DEFENDANT PST

Plaintiff/Relator Nicolle O'Neill brought this *qui tam* action against Defendants Somnia Inc. ("Somnia"), Primary Anesthesia Services ("PAS") (collectively "Somnia/PAS"), PST Services, LLC (a subsidiary of McKesson Corporation) ("PST"), and certain anesthesiologists working for Somnia/PAS. Ms. O'Neill, on behalf of the state and federal governments, alleges claims under the federal False Claims Act, 31 U.S.C. § 3729 *et seq*. (the "FCA" or the "Act"), and the California False Claims Act, Cal. Gov't Code § 12650 *et seq*. (the "CFCA"). Ms. O'Neill alleges that Defendants committed fraud by knowingly overbilling for anesthesia services provided at a general acute care hospital known as Kaweah Delta Medical Center ("Kaweah") in Visalia, California. Ms. O'Neill is a former CRNA at Somnia, a company which had an exclusive contract to provide anesthesia services at Kaweah. Ms. O'Neill alleges that Somnia/PAS terminated her contract in retaliation for her complaints.[1]

### A.  PST's Motions to Dismiss

After Relator filed the First Amended Complaint ("FAC"), both PST and the Somnia Defendants moved to dismiss. *See* Dkt. Nos. 45, 48. The Court denied PST's motion. *Id.* at 23. The Court also denied the Somnia Defendants' motion as to most of the claims against them. *Id.* at 23-24. The Court granted the Somnia Defendants' "motion to dismiss causes of action one through three (Dkt. 48) . . . only to the extent those causes of action are based upon Defendants' alleged use of the QZ code," and gave Relator 28 days to file an amended complaint. *Id.* at 23-24. This ruling dismissed Relator's claims based on Defendants' alleged use of the QZ billing modifier for certain services provided by CRNAs.

Relator filed her Second Amended Complaint on February 28, 2018. Dkt. 74. The SAC

---

[1] Relator, the United States, and the state of California are in the process of settling the FCA and CFCA claims against Defendants Somnia/PAS and the individual Defendants. Ms. O'Neill's individual claims against Somnia remain pending and are set to be tried on December 6, 2022.

added allegations regarding the QZ modifier. On March 14, 2018, Defendants filed motions to dismiss Relator's SAC.  PST moved to dismiss any FCA causes of action against it to the extent they involve submission of claims prior to March 3, 2014, and dismissal of counts one, two, and three of the SAC to the extent they concern Defendants' alleged misuse of the QZ modifier.

PST argued that the QZ modifier-based claims should be dismissed because Relator had not sufficiently alleged that Defendants' representations to the Government through the use of specific billing codes linked to particular rates of reimbursement were false or material to the Government's reimbursement decisions. Relator's claims are based on an assertion that the QZ modifier can only be used with a CRNA acts without any involvement of or supervision by a physician. PST argued that the QZ modifier does not mean that the CRNA acted "alone and without any supervision." Dkt. 77-1 at 8. Instead, the Medicare Claims Manual defines the QZ modifier as applying to CRNA services that are performed "without medical direction by a physician."

Relator argued that PST's argument failed for several reasons, including that when MDAs supervised more than four CRNAs, they were supposed to bill with the Medical Supervision codes (AD/QX). SAC ¶¶ 34, 36; *see also* 42 C.F.R. § 414.46(f) ("If the physician medically supervises more than four concurrent anesthesia services, CMS bases the fee schedule amount on an anesthesia-specific [conversion factor] and three base units."). The QZ modifier only reflects a CRNA's work. Appending the QZ modifier to a reimbursement claim does not reflect any physician involvement, much less physician supervision. Only the AD (Medically Supervised MDA) and QX (Medically Supervised CRNA) combination of billing codes accurately reflects situations in which there is Medical Supervision by a physician. SAC ¶ 36.

Relator further argued that given various interpretations of the Manual and its terms, at minimum, "Relator should be permitted to test and present evidence on the meaning of a particular billing code alleged to have been used fraudulently." Dkt. 81 at 17-18; *see, e.g., United States v. Planned Parenthood Gulf Coast, Inc.,* 21 F. Supp. 3d 825, 834 (S.D. Tex. 2014).

**B.    This Court's September 7, 2018 Order**

On September 7, 2018, the Court granted Defendant PST's motion to dismiss. The Court

dismissed Relator's first, second, and third causes of action against PST with respect to any claims based upon use of the QZ modifier. Dkt. 95. The Court also dismissed the first, second, and third causes of action against PST with respect to any claims submitted prior to March 3, 2014. As a result of the Court's ruling, all claims pled against Defendant PST were dismissed.

The Court agreed with PST's interpretation of the Manual, which states that the QZ code may be used for "CRNA Service: Without medical direction by a physician." The Court concluded that:

> The Manual states only that the QZ code is to be used where CRNAs provide anesthesia services "without medical direction by a physician." (Doc. No. 49-3 at 175.) That language does not suggest that CRNAs must operate independently in order to use the QZ code—it merely states that the QZ code may not be used if all of the requirements for medical direction have been satisfied. Outside of that scenario, use of the QZ code does not appear to be prohibited by any rule or regulation.

Dkt. 95 at 10-11.

The Court further rejected Relator's contention that the meaning of the QZ modifier is a factual dispute that cannot be resolved at the pleadings stage, holding that "requirements of the Manual are legal rather than factual questions, and do not depend on information produced during discovery." *Id.*

**C.    Relator's Rule 54(b) Motion for Certification**

On October 9, 2018, Relator filed a Rule 54(b) Motion for Entry of Final Judgment with respect to the Court's dismissal of Relator's claims against PST. This Court denied the motion on February 14, 2019. Dkt. 117.

**D.    Relator's Rule 54(b) Motion for Reconsideration**

Relator filed a motion for reconsideration on May 17, 2022.  Relator asks the Court to reconsider its decision dismissing her claims against PST, arguing that such relief is warranted to correct clear error and prevent manifest injustice. Relator contends that the Court erred in determining the proper application of the QZ billing modifier at the pleading stage. Relator argues that discovery in this case has now revealed that the Court's application of the QZ modifier was incorrect, and the Court therefore prematurely dismissed Defendant PST.

1  Accordingly, Relator argues that the Court should permit Relator to file a Third Amended
2  Complaint adding new factual allegations against Defendant PST.
3      PST opposed Relator's motion for reconsideration on May 31, 2022. Dkt. 209. PST
4  argues that Relator unreasonably delayed filing her motion, that factual evidence is irrelevant to
5  the legal question of whether the Court correctly interpreted the QZ modifier, that Relator's
6  evidence does not show that the Court erred, and that Relator will not suffer manifest injustice if
7  reconsideration is denied.
8      The motion for reconsideration is fully briefed and remains pending.

## II.   DESIRABILITY OF STATUS OR SETTLEMENT CONFERENCES

The parties have met and conferred as directed by the Court's August 31, 2022 order. There were informal discussions between counsel in 2018 before the Court's September 7, 2018 order dismissing PST.  No further discussions have been held or are contemplated at this time. In light of the meet and confer, the parties agree that they would not benefit at this time from any status or settlement conferences.

DATED:  September 15, 2022        SCHONBRUN SEPLOW HARRIS
                                  HOFFMAN & ZELDES LLP

                                  TYCKO & ZAVAREEI LLP


                                          */s/ Wilmer J. Harris*
                                  By: _____
                                      Wilmer J. Harris
                                      Michael D. Seplow
                                      Andrea Gold
                                      Attorneys for Relator/Plaintiff, Nicolle O'Neill


DATED:  September 15, 2022        **KING & SPALDING LLP**

                                          */s/ Jeffrey S. Bucholtz*
                                  By: _____
                                      Jeffrey S. Bucholtz (pro hac vice)
                                      Attorneys for Defendant PST SERVICES, LLC