UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA ex rel. NICOLLE O'NEILL,<br><br>　　　　　Plaintiffs/Relator,<br><br>　v.<br><br>SOMNIA, INC. et al.,<br><br>　　　　　Defendants. | Case No.  1:15-cv-433-ADA-EPG<br><br>ORDER VACATING PRETRIAL CONFERENCE AND TRIAL AND DIRECTING THE PARTIES TO FILE APPROPRIATE DISPOSITIONAL DOCUMENT<br><br>(ECF Nos. 220, 228) |

　　　　On July 29, 2022, the United States of America, the State of California, and Nicolle O'Neill (Plaintiffs/Relator), and Defendants Somnia, Inc., Primary Anesthesia Services, Byron Mendenhall, M.D., and Quinn Gee, M.D. (Somnia Defendants) advised the Court that they had reached an agreement to settle the claims filed against the Somnia Defendants under the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the California False Claims Act, Cal. Gov't Code § 12652(c). (ECF No. 212). However, the parties identified the following claims as still at issue: (1) O'Neill's attorneys' fees and costs arising from the prosecution of claims filed against the Somnia Defendants under the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the California False Claims Act, Cal. Gov't Code § 12652(c); (2) O'Neill's individual claims for relief against the Somnia Defendants; and (3) O'Neill's claims against Defendant PST Services LLC.

　　　　On December 16, 2022, O'Neill notified the Court that she and the Somnia Defendants

had reached an agreement in principle to resolve all of the remaining claims between them and were in the process of negotiating and executing a formal written settlement agreement and related document. (ECF No. 226). However, O'Neill stated that Defendant PST Services, LLC is not a party to the agreement, and her motion for reconsideration of the decision dismissing her claims against PST Services, LLC (ECF No. 207) remains pending.

In light of the notices of settlement regarding the Somnia Defendants, the Court ordered the parties to file a joint status report addressing the following:

1. The status of settlement negotiations as to all claims between them, including whether they have executed a final settlement agreement;
2. The date that the parties anticipate filing an appropriate dispositional document(s);
3. Whether the Court should vacate the January 30, 2023 pretrial conference and March 28, 2023 trial; and
4. Any other matters that the parties believe warrants the Court's attention.

(ECF No. 227).

On January 9, 2023, the parties filed a joint status report, stating as follows:

1. The Parties have resolved all claims between them in principle. No final settlement agreement has yet been executed. The Parties have exchanged draft agreements and are actively engaged in negotiating and finalizing the terms.
2. The Parties anticipate filing dispositional documents on or before February 16, 2023.
3. The Parties respectfully request that the Court vacate the January 30, 2023 pretrial conference and March 28, 2023 trial.
4. The Parties have no other matters to bring to the Court's attention at this time.

(ECF No. 228, p. 3).

In light of the parties' joint status report, the Court will vacate the pretrial conference and trial and will set a deadline for the parties to file a dispositional document. In filing a dispositional document, the parties are advised of the following.

In many civil actions, a voluntary dismissal is permitted without a court order by a plaintiff filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," under Federal Rule of Civil Procedure 41(a)(1)(A)(i), or by the filing of "a stipulation of dismissal signed by all parties who have appeared," under Rule 41(a)(1)(A)(ii). Alternatively, an action may otherwise be dismissed with a court order at the plaintiff's request "on terms that the court considers proper," under Rule 41(a)(2).

However, *qui tam* actions have special requirements regarding dismissal. *See United States v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 18 (2d Cir. 2019) (noting that, in *qui tam* actions, the "general Rule 41(a) framework is subject to several constraints imposed by the [False Claims Act]"); *Polansky v. Exec. Health Res. Inc.*, 17 F.4th 376, 389 (3d Cir. 2021) (noting that Rule 41(a) is subject to the requirements of the False Claims Act). For claims brought under the False Claims Act, "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting," under 31 U.S.C. § 3730(b)(1). *See L-3 Commc'ns EOTech, Inc.*, 921 F.3d at 18 (noting that, under § 3730(b)(1), "the relator may not voluntarily dismiss such [a qui tam] action without the written consent of the court and the United States Attorney General"). Likewise, for claims brought under California's False Claims Act, "the action may be dismissed only with the written consent of the court and the Attorney General or prosecuting authority of a political subdivision, or both, as appropriate under the allegations of the civil action, taking into account the best interests of the parties involved and the public purposes behind this act," under California Government Code § 12652(c)(1).

Based on the status report, IT IS ORDERED as follows:

1. The January 30, 2023 pretrial conference and March 28, 2023 trial (ECF No. 220) are vacated.
2. The parties shall file an appropriate dispositional document by no later than February 16, 2023.
3. Because Plaintiff's motion for reconsideration as to Defendant PST Services, LLC (ECF No. 207) remains pending, the parties shall specifically advise within their dispositional document whether the Court should withhold reviewing the dispositional document for approval until after the motion for reconsideration is decided.

IT IS SO ORDERED.

Dated:  **January 10, 2023**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

3