IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *and the* STATE OF CALIFORNIA *ex rel.* NICOLE O'NEILL,<br><br>          Plaintiffs,<br>v.<br><br>SOMNIA, INC., *et al.*,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 1:15-433-LHR<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM AND ORDER**

Relator Nicolle O'Neill, on behalf of the United States of America and the State of California, sued several health-service provider entities. (Docket Entry No. 1). In September 2018, the court granted the defendants' motion to dismiss portions of the Relator's Second Amended Complaint. (Docket Entry No. 95). In May 2022, the Relator moved for reconsideration of the dismissal as to PST Services on the basis that "discovery in this action has revealed that PST's proposed interpretation of the Medicare regulations is simply incorrect." (Docket Entry No. 207 at 8). The Relator specifically challenged the court's ruling on the meaning of provisions defining when the QZ modifier is properly used as a code that determines billing amounts. (Docket Entry Nos. 95 at 11, 207 at 21).

Rule 54(b) allows orders to be "revised at any time before the entry of a judgment[.]" Fed. R. Civ. P. 54(b). "Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter or revoke it.'" *Am. States Ins. Co. v. Ins. Co. of Pennsylvania*, 245 F. Supp. 3d 1224, 1225 (E.D. Cal. 2017) (quoting *United States v. Martin*, 226 F.3d 1042, 1048–49

(9th Cir. 2000), *cert. denied*, 532 U.S. 1002 (2001)). A motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted).

Courts generally interpret the standards for Rule 54 to be coextensive with Rules 59 and 60. *Gish v. Newsom*, No. 20-CV-755, 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020); *Jadwin v. Cnty. of Kern*, No. 07-CV-0026, 2010 WL 1267264, at *9 (E.D. Cal. Mar. 31, 2010). Under these rules, motions for reconsideration must be made within a reasonable time, and generally within one year. Fed. R. Civ. P. 59–60.  Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion," "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

The Relator has not explained why she waited almost four years to challenge the court's ruling on the motion to dismiss, a legal determination based on interpreting different provisions. The Relator argues that discovery taken after the ruling on the motion to dismiss provided facts inconsistent with the ruling.  But the record shows that the discovery was not necessary to the legal interpretation that the court made in issuing the ruling, which it based on the legal issue of the meaning of governing regulations and provisions relating to the QZ and other codes.  Even if some of the discovery might have had a bearing on the court's analysis, the Relator does not explain why four years elapsed before it was brought to the court's attention.

The Relator has not provided a basis to excuse the four years that passed before she sought reconsideration. She cites to one out-of-circuit criminal case in which the district court made a mathematical error in the offense-level calculation of a Guidelines sentence, and the defendant moved for reconsideration a few *months* later. *United States v. Jackson*, 669 F. App'x 544 (11th Cir. 2016). This case has nothing to do with the present years-long delay in requesting reconsideration based on a ruling on a matter of law in a civil case.

Finally, applying Rule 60 cannot save the Relator's claim for reconsideration. (Docket Entry No. 210 at 8). Reconsideration requested under Rule 60(b)(2), providing relief on the basis of "newly discovered evidence[,]" must still comply with the requirement that relief must be requested under "reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60.

The time for reconsideration of this decision has long passed. The motion for reconsideration is denied.

SIGNED on March 4, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge